IN THE UNITED STATES DISTRICT COURT,
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROCKIE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.  07-2676-Ma/V |
| ) | |
| ATHENS DISTRIBUTING CO., ET AL. ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION ON ATHENS DISTRIBUTING CO.'S MOTION FOR
SANCTIONS OR, ALTERNATIVELY, TO COMPEL

Before the court is the July 24, 2008 motion of the defendant, Athens Distributing Co., formerly known as Shelby County Liquor Distributor ("Athens"), for sanctions, or, alternatively, to compel. Specifically, Athens seeks dismissal of the complaint of the plaintiff, Rockie Smith, proceeding *pro se*, as a sanction for Smith's failure to respond to Athens' interrogatories and requests for production of documents and to prosecute or, alternatively, an order compelling Smith to respond to discovery. The motion was referred to the United States Magistrate Judge for determination. Smith has failed to respond to Athens' motion within the time period for response. Because 28 U.S.C. § 636(b)(1)(A) imposes a limitation on the matters this court can determine, the court hereby submits this report and recommendation and recommends that Athens' motion for sanctions be granted and Smith's complaint be dismissed.

## BACKGROUND

Athens served its first set of interrogatories and requests for production of documents on Smith on February 26, 2008. Smith failed to respond to Athens' written discovery requests. On June 26, 2008, Athens contacted Smith and advised him that his discovery responses were long overdue and that Athens would file a motion to compel if Smith did not respond by July 2, 2008. On or about July 2, 2008, Smith contacted Athens to request additional time to provide discovery responses. At that time, Athens granted Smith a two week extension to provide discovery responses. Athens then provided Smith written notice that the new deadline for him to submit those responses was July 16, 2008. As of July 24, 2008, Smith had not responded to discovery. Athens, therefore, filed the present motion for sanctions or, alternatively, to compel on July 24, 2008. Under Local Rule 7.2(a)(2), Smith's response to the motion was due August 8, 2008. Smith, however, has failed to file a pleading responsive to Athens' present motion.

## ANALYSIS

If a party fails to serve answers to interrogatories or to produce documents after proper service of discovery requests, the court may order sanctions. FED. R. CIV. P. 37(d). Such orders may include the imposition of any of the sanctions listed in Rule 37(b)(2)(A)(i) - (vi), among which is dismissal of the action in

whole or in part. FED. R. CIV. P. 37(d). The Sixth Circuit regards the sanction of dismissal under Rule 37 for failure to cooperate in discovery to be "the sanction of last resort." *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994). Dismissal may be imposed "only if the court concludes that a party's failure to cooperate is due to willfulness, bad faith, or fault." *Reg'l Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 153-54 (6th Cir. 1988). In determining whether to dismiss an action for failure to cooperate in discovery, the court should consider (1) whether the party acted with willfulness, bad faith, or fault; (2) whether prejudice resulted from the discovery violation; (3) whether the party had been warned that his conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or should be considered. *Doe v. Lexington-Fayette Urban County Gov't,* 407 F.3d 755, 766 (6th Cir. 2005); *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997); *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). As all four factors of the Sixth Circuit's test are satisfied in the present case, dismissal of Smith's complaint is an appropriate sanction.

A.  Willfulness, Bad Faith, or Fault

Smith's failure to respond to the interrogatories and request for documents is due to his own willfulness and fault. To dismiss

an action *with* prejudice under Rule 37, the Sixth Circuit has held that the first factor is satisfied only if "a clear record of delay or contumacious conduct" exists. *Freeland*, 103 F.3d at 1277. In the present action, Smith had ample time, nearly five months, to respond to Athens' discovery requests before Athens filed the motion for sanctions or, alternatively, to compel. Smith, however, failed to respond to Athens' discovery requests even after Athens' granted him a two week extension for the already overdue responses and also failed to respond to the present motion. This course of conduct establishes a clear record of delay and evinces the willful nature of Smith's failure to respond.

B.  Prejudice

Athens has been prejudiced because it has been unable to move forward in its trial preparation without Smith's responses to discovery. Furthermore, Smith's failure to respond has forced Athens to waste time, money, and effort on this issue, including having to file a motion to extend the deadlines for both discovery and dispositive motions and having to file the present motion to compel.

C.  Prior Warnings

Smith has been clearly and definitively warned that failure to participate in discovery may lead to extreme sanctions, including dismissal. Although Smith has not received such a warning in this particular case, he has received express warnings to that effect by

4

two (2) separate courts on two (2) occasions within in the last seven (7) years. Order to Show Cause, *Smith v. Kroger Co.*, Civil Case No. 00-0316-BBD (W.D. Tenn., Aug. 13, 2001); Order Granting Defendant's Motion to Compel, *Smith v. Athens Distrib. Co.*, Civil Case No. 05-02813-JPM (W.D. Tenn., Oct. 10, 2006). Despite these unambiguous warnings, Smith continued to fail to participate in discovery and consequently had his two (2) causes of action dismissed. Order Dismissing Case, *Smith v. Kroger Co.*, Civil Case No. 00-0316-BBD (W.D. Tenn 2001); Order Granting Motion to Dismiss, *Smith v. Athens Distrib. Co., et. al.*, Civil Case No. 05-02813-JPM (W.D. Tenn., Oct. 10, 2006). Therefore, Smith has not only been adequately warned on two occasions that failing to participate in discovery may result in dismissal of his cause of action, he has also experienced imposition of that result. The court submits that there is no reason to continue issuing warnings when Smith has repeatedly demonstrated his willingness to ignore them.

D. Less Drastic Sanctions

Less drastic remedies would be ineffective. In the case at bar, Smith has exhibited a disregard for Athens' repeated requests for discovery even after Athens was willing to extend the deadline. Moreover, as noted above, orders instructing Smith to respond to discovery and clearly warning him that failure to so respond will result in dismissal have been completely ineffectual under the same or similar circumstances. Specifically, Smith has had three (3)

5

separately filed claims (two (2) of which were consolidated) dismissed after the following events occurred: (1) Smith failed to respond to discovery requests; (2) The defendant(s) filed a motion either to compel or for dismissal for failure to prosecute; (3) The court issued an order allowing Smith eleven (11) days to respond to discovery and expressly warning him that failure to comply with the order or participate in discovery could result in dismissal of his cause of action; and (4) Smith failed to respond to the discovery requests within the eleven (11) days. *Smith v. Kroger Co.*, Civil Case No. 00-0316-BBD (W.D. Tenn 2001)(consolidated with *Smith v. Kroger Co.*, Civil Case No. 99-02847-BBD (W.D. Tenn. 2001)); *Smith v. Athens Distrib. Co., et. al.*,[1] Civil Case No. 05-02813-JPM (W.D. Tenn. 2006).[2] In light of these facts, it is clear that

---

[1] It is also relevant to note that it appears from Smith's complaint that his present cause of action is apparently based upon the same facts as the cited cause of action which was also brought by Smith against Athens and that the presently filed complaint is substantively a motion to reopen the prior case. *See* Complaint, *Smith v. Athens Distrib. Co.*, Civil Case No. 07-02676-Ma/V. However, under Rule 41(b), the involuntary dismissal of the prior case operated as an adjudication on the merits and likely bars the present cause of action. FED. R. CIV. P. 41(b); *Costello v. U.S.*, 365 U.S. 265, 286 (1961)(holding that dismissal of a cause of action under Rule 41(b) operate to bar subsequent actions unless the court specifies otherwise).

[2] In addition, of the six (6) other claims Smith has filed in this district in the last twelve (12) years, four were involuntarily dismissed, one was transferred, and one was dismissed by consent, to wit: *Smith v. McGee*, Civil Case No. 05-02813-BBD (W.D. Tenn., 2003) (transferred based on lack of venue); *Smith v. Kroger Co.*, Civil Case No. 97-03113-JPM (W.D. Tenn., 2001)(dismissed based on premature nature of filing because of failure to exhaust administrative remedies); *Smith v. Sam's Club*,

alternative remedies would be ineffective.

CONCLUSION

Accordingly, it is recommended that Athens' motion for sanctions be granted and that Smith's complaint be dismissed with prejudice.

Respectfully submitted this 25th day of August, 2008.

                                      s/ Diane K. Vescovo
                                      DIANE K. VESCOVO
                                      UNITED STATES MAGISTRATE JUDGE

---

Civil Case No. 96-02006-JPM (W.D. Tenn., 1997)(dismissed after Smith failed to reply to defendant's motion for summary judgment relying on the statute of limitations where the record was devoid of any facts to contradict defendant's motion or to support tolling of the statute of limitations); *Smith v. Kroger Food Stores*, Civil Case No. 97-03016-JPM (W.D. Tenn., 1997) (dismissed after Smith failed to comply with court order to show cause as to why claim was not time barred)*; Smith v. Seesel's*, Civil Case No. 96-02004-jsg (W.D. Tenn., 1996) (consolidated with *Smith v. Seesel's*, Civil Case No. 96-02006-jpg (W.D. Tenn., 1996))(dismissed with prejudice by consent of parties in joint settlement agreement).