IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| ROCKIE SMITH, | |
| Plaintiff, | |
| vs. | No. 07-2676-SHM-dkv |
| ATHENS DISTRIB. CO., et al., | |
| Defendants. | |

---

ORDER ADOPTING REPORT AND RECOMMENDATION
ORDER GRANTING DEFENDANT ATHENS' MOTION FOR SANCTIONS
ORDER OF DISMISSAL WITH PREJUDICE
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

On July 24, 2007, Plaintiff Rockie Smith filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Docket Entry ("D.E.") 1), along with an application seeking leave to proceed in forma pauperis and appointment of counsel (D.E. 2). At the direction of the Court, Plaintiff filed an amended in forma pauperis affidavit on December 4, 2007. (D.E. 4.) The Court issued an order on December 21, 2007 that, inter alia, (i) dismissed the complaint against "Union Teamsters Local #1196" and the Zenith Insurance Company, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R.

Civ. P. 8(a) and 19(b); (ii) denied appointment of counsel; and (iii) directed the Clerk to issue process for, and the marshal to effect service on, the remaining defendants, identified as the Athens Distributing Company ("Athens") and the Shelby Liquor Company ("Shelby"). (D.E. 6.) Defendants Athens and Shelby answered the complaint on January 23, 2008 (D.E. 11) and February 20, 2008 (D.E. 14), respectively.[1]

On July 24, 2008, Defendant Athens, formerly known as Shelby, filed a motion for sanctions or, in the alternative, to compel. (D.E. 17.) Athens sought dismissal of the complaint as a sanction due to Plaintiff's failure to respond to interrogatories and requests for the production of documents served on February 26, 2008. Plaintiff did not respond to the motion, which was referred to United States Magistrate Judge Diane K. Vescovo on July 25, 2008. (D.E. 19.) On August 25, 2008, the magistrate judge issued a Report and Recommendation recommending that Athens' motions for sanctions be granted and Plaintiff's complaint be dismissed with prejudice. (D.E. 20.) The Report and Recommendation was served on the parties. In the referral, the parties were notified that "[a]ny exceptions to the Report and Recommendation shall be made within ten (10) days of the report, setting forth particularly those

---

[1] In its answer, Defendant Athens "denie[d] that Shelby is a recognized and distinct business entity and aver[red] that it is a former operating division of Athens Distributing Company that no longer exists as a distinct legal entity." (D.E. 14 at 1.)

portions of the order excepted to and the reasons for the exceptions." (D.E. 19.)

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action. Plaintiff has not filed objections to the Report and Recommendation. Therefore, the Report and Recommendation is hereby ADOPTED as the opinion of the Court, except for footnote 1.[2]

Defendants' motion for sanctions is GRANTED. The complaint against Athens and Zenith is DISMISSED WITH PREJUDICE. The Clerk is directed to enter judgment for Defendants.[3]

Although the case has been dismissed, the Court will briefly address Plaintiff's second motion for appointment of counsel, which was filed on July 28, 2008. (D.E. 18.) In the December 21, 2007 order, the Court denied Plaintiff's first motion for appointment of counsel. (D.E. 6 at 9-11.) Plaintiff's most recent motion does not mention Defendants motion for sanctions or, in the alternative, to compel, and it also does not address the fact that Plaintiff had not responded to discovery requests served five months previously. Even if Plaintiff's motion for appointment

---

[2] The December 21, 2007 order stated that "[t]he substantive Title VII claims asserted in this action appear to differ from those asserted in case number 05-2813." (D.E. 6 at 5; see also id. at 3-5.) It is unnecessary to consider whether the magistrate judge is correct that this case "is apparently based upon the same facts as the cited cause of action . . . and . . . is substantively a motion to reopen the prior complaint," (D.E. 20 at 6 n.1), because the footnote is dicta that is not necessary to the conclusion reached in the Report and Recommendation.

[3] As previously stated, see supra pp. 1-2, the complaint was dismissed without prejudice against the remaining defendants.

3

of counsel were deemed to be an attempt to provide the requested discovery, it is untimely. Nothing has occurred to change the Court's assessment that Plaintiff has not made "a threshold showing of some likelihood of merit," Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989), sufficient to warrant committing the district's scarce pro bono resources to this case. The motion for appointment of counsel is DENIED.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. The United States Court of Appeals requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed in forma pauperis, whether the appeal is frivolous. Floyd v. United States Postal Serv., 105 F.3d 274, 277 (6th Cir. 1997). Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party was permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or

finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any non-frivolous issue. Id. at 445-46. The same considerations that lead the Court to grant Defendants' motions for sanctions and dismiss this case also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith, and Plaintiff may not proceed on appeal in forma pauperis. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. If Plaintiff files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

IT IS SO ORDERED this 6th day of October, 2008.

    s/Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE